UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ALEXANDER I. GARCIA,

    Plaintiff (s),

v.

MONISON PALLETS, INC.,

    Defendant,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ALEXANDER I. GARCIA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant MONISON PALLETS, INC., and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid half-time overtime hours under the United States' laws. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff ALEXANDER I. GARCIA is a resident of Miami-Dade County, Florida, within this Honorable Court jurisdiction. Plaintiff is a covered employee for purposes of the Act.

3. Defendant MONISON PALLETS, INC. (hereinafter, MONISON PALLETS, or Defendant) is a Florida corporation, having a place of business in Dade County,

Florida, within this Honorable Court jurisdiction. Defendant was and is engaged in interstate commerce.

4. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

General Allegations

5. Plaintiff ALEXANDER I. GARCIA brings this cause of action as a collective action to recover from the Defendant half-time overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"). Plaintiff brings this action also on behalf of all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after June 2020, (the "material time") without being adequately compensated.

6. Defendant MONISON PALLETS is a manufacturer of pallets. Defendant distributes, repairs, and recycles pallets. Defendant has facilities located in Miami, West Palm Beach, Jacksonville, and Haines City, Florida.

7. Plaintiff worked at MONISON PALLETS' facilities located at 5420 NW 37 Avenue, Miami, Florida 33142.

8. Defendant MONISON PALLETS employed Plaintiff ALEXANDER I. GARCIA as a non-exempted, full-time hourly employee from approximately March 15, 2013, to June 09, 2023, or more than ten years. However, for FLSA purposes, Plaintiff's relevant time of employment is 156 weeks.

9. Plaintiff had duties as a warehouse employee and his main duty was repairing

pallets.

10. On or about April 2019, Defendant requested Plaintiff to file a corporation as a condition for continued employment.

11. Plaintiff filed a Corporation under the name of "Servicions Garcia LLC", and was misclassified as an "Independent Contractor". However, Plaintiff was an employee of Defendant under the Department of Labor and IRS regulations.

12. At all times, Plaintiff was an employee of Defendant, under the protection of FLSA regulations because; 1) Plaintiff was a full-time employee working a pre-set regular schedule; 2) Plaintiff worked for Defendant consistently 54 hours or more weekly for a period of more than 156 weeks; 3) Plaintiff depended exclusively of his employment with Defendant, and he did not have any other job during his ten years of employment with Defendant; 4) Defendant had absolute control over Plaintiff's hours of work, they provided Plaintiff with his work schedule and assigned his duties and tasks. Due to the nature of the business, Defendant closely monitored Plaintiff, demanding high velocity performing his work; 5) Plaintiff did not have any discretion to perform his work assignments or authority to refuse them; 4) The work performed by Plaintiff was an integral part of the Defendant's business;  5) Plaintiff performed his work entirely at the Defendant's facilities, exclusively for Defendant's customers and used Defendant' equipment and supplies; 6) Plaintiff never used any discretion, he just followed pre-established procedures.

13. By reason of the foregoing, Plaintiff ALEXANDER I. GARCIA was an employee of MONISON PALLETS, within the meaning of 29 USC § 203(e)(1). Defendant MONISON PALLETS  was the employer of Plaintiff within the meaning of 29

USC § 203 (d), and they were required to comply with the mandates of the FLSA as it applied to Plaintiff and other similarly situated individuals.

14. During the relevant time of employment, Plaintiff had a regular schedule, and from his date of hiring to approximately June 13, 2022, or 104 weeks, Plaintiff worked regularly and consistently six days per week from Monday to Saturday, from 6:00 AM to 3:00 PM (9 hours daily), or 54 hours weekly.

15. From approximately June 14, 2022, to his last day of employment, or 52 weeks, Plaintiff worked five days per week on the same schedule an average of 45 hours weekly.

16. Plaintiff was paid a piece rate of $0.45 per pallet. Plaintiff was paid between $1,000.00 and $1,100.00 weekly, depending on the number of repaired pallets.

17. While employed by Defendant, Plaintiff worked more than 40 hours weekly, but he was not paid for overtime hours at any rate, not even at that minimum wage rate as required by the FLSA.

18. Plaintiff did not clock in and out, but he worked under Defendant's supervisory staff, and Defendant was able to track the hours worked by Plaintiff and other similarly situated individuals.

19. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

20. Plaintiff was paid weekly without paystubs providing basic information about the number of days and hours worked, wage rate paid, etc.

21. On or about June 09, 2023, Plaintiff was forced to leave his employment because Defendant did not pay him for overtime hours correctly.

22. Plaintiff is not in possession of time and payment records, but without the benefits of discovery, at this time Plaintiff will provide a good faith estimate about the unpaid overtime wages, based on an average payment of $1,050.00 weekly. After discovery, Plaintiff will amend his Statement of Claim accordingly.

23. Plaintiff ALEXANDER I. GARCIA seeks to recover half-time overtime wages accumulated during his entire relevant employment period with Defendant, liquidated damages, and any other relief allowable by law.

## Collective Action Allegations

24. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours every at the rate of time and one-half their regular rate.

26. The additional persons who may become Plaintiffs in this action are weekly-paid employees and former employees of Defendant who are and were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular and overtime hours at the rate of time and one-half their regular rate of pay for every hour worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

27. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-26 above as set out in full herein.

28. Plaintiff ALEXANDER I. GARCIA brings this cause of action as a collective action to recover from the Defendant half-time overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after June 2020, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

29. The Employer Defendant MONISON PALLETS is a manufacturer of pallets. Defendant is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always

material hereto more than $500,000 per annum. Therefore, there is enterprise coverage.

30. Plaintiff was employed by a manufacturer engaged in interstate commerce. Accordingly, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce within the meaning of the FLSA. Also, Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

31. For the reasons stated above, Defendant MONISON PALLETS must comply with the overtime requirements of the FLSA.

32. Defendant MONISON PALLETS employed Plaintiff ALEXANDER I. GARCIA as a non-exempted, full-time hourly employee from approximately March 15, 2013, to June 09, 2023, or more than ten years. However, for FLSA purposes, Plaintiff's relevant time of employment is 156 weeks.

33. On or about April 2019, Defendant requested Plaintiff to file a corporation as a condition for continued employment.

34. Plaintiff filed a Corporation under the name of "Servicions Garcia LLC", and was misclassified as an "Independent Contractor". However, Plaintiff was an employee of Defendant under the Department of Labor and IRS regulations.

35. During the relevant time of employment, Plaintiff had a regular schedule, and from his date of hiring to approximately June 13, 2022, or 104 weeks, Plaintiff worked regularly and consistently six days per week an average of 54 hours weekly.

36. From approximately June 14, 2022, to his last day of employment, or 52 weeks,

Plaintiff worked five days per week an average of 45 hours weekly.

37. Plaintiff was paid a piece rate of $0.45 per pallet. Plaintiff was paid between $1,000.00 and $1,100.00 weekly, depending on the number of repaired pallets.

38. While employed by Defendant, Plaintiff worked more than 40 hours weekly, but he was not paid for overtime hours at any rate, not even at that minimum wage rate as required by the FLSA.

39. Plaintiff did not clock in and out, but he worked under Defendant's supervisory staff, and Defendant was able to track the hours worked by Plaintiff and other similarly situated individuals.

40. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

41. Plaintiff was paid weekly without paystubs providing basic information about the number of days and hours worked, wage rate paid, etc.

42. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in Defendant's possession and custody. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

43. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

45. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

46. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, is as follows:

    \* Please note that this amount is based on a preliminary calculation. After proper discovery, Plaintiff will adjust his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Seventeen Thousand One Hundred Eighty-Six Dollars and 52/100 ($17,186.52)

    b. <u>Calculation of such wages</u>:

       Total period of employment: more than 10 years
       Relevant weeks of employment: 156 weeks
       Piece rate: $0.45 per pallet
       Piece rate paid: $1,050.00 average weekly

       **1.- Overtime for 104 weeks with 6 days/54 hours**
       Total relevant weeks: 104 weeks
       Total number of working hours: 54 hours
       Piece rate paid: $1,050.00 weekly: 54 hours=$19.44
       Regular rate: $19.44 x 1.5=$29.16 O/T rate-$19.44 rate paid=$9.72 diff.
       Half-time: $9.72 (unpaid difference)

       $9.72 x 14 O/T hours $136.08 weekly x 104 weeks=$14,152.32

       **2.- Overtime for 52 weeks with 5 days/45 hours**
       Total relevant weeks: 52 weeks
       Total number of working hours: 45 hours
       Piece rate paid: $1,050.00 weekly: 45 hours=$23.33
       Regular rate: $23.33 x 1.5=$35.00 O/T rate-$23.33 rate paid=$11.67 diff.
       Half-time: $11.67 (unpaid difference)

       $11.67 x 5 O/T hours $58.35 weekly x 52 weeks=$3,034.20

       Total #1, and #2: $17,186.52

    c. <u>Nature of wages (e.g., overtime or straight time):</u>[1]

    This amount represents unpaid half-time overtime wages.

47. At all times, the Employers/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by Defendant to pay them at the rate of time properly and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

48. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

49. Defendant MONISON PALLETS willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

50. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

WHEREFORE, Plaintiff ALEXANDER I. GARCIA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ALEXANDER I. GARCIA and other similarly situated individuals and against Defendant MONISON PALLETS based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ALEXANDER I. GARCIA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff ALEXANDER I. GARCIA demands trial by a jury of all issues triable as of right by a jury.

Dated: June 30, 2023

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*